UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------- X

AXOS BANK,

                    Plaintiff,         :      Case No. 23-cv-941

          -against-           :      **COMPLAINT**

SALVATORE OTTOMANELLI, C6 CAPITAL LLC,
INTERNAL REVENUE SERVICE, TD AUTO
FINANCE, LLC, CLERK OF THE SUFFOLK
COUNTY DISTRICT COURT, BETHPAGE FEDERAL
CREDIT UNION, and  "JOHN DOE NO. 1" to "JOHN
DOE NO. 20," inclusive, the last twenty names being
fictitious and unknown to plaintiff the persons or parties
intended being the tenants, occupants, persons or
corporations, if any, having or claiming an interest in or
lien upon the premises described in the complaint,

               Defendants.

------------------------------------------------------------------- X

Plaintiff Axos Bank (f/k/a BofI Federal Bank) ("Axos"), by its attorneys Sheppard, Mullin,

Richter & Hampton, LLP, for its Complaint, alleges as follows:

## INTRODUCTION

This is a complaint to foreclose on the real property located at 38 The Helm, East Islip,

New York 11730 (the "Property"), which is security for a mortgage loan in the original principal

amount of $1,000,000, plus interest and fees (the "Loan"), evidenced by a note, mortgage and

other Loan Documents (as defined herein).   The Loan was initially obtained by Salvatore

Ottomanelli (the "Borrower").   The Borrower has defaulted on the Loan, the defaults have not

been cured, and Axos is therefore entitled to immediate repayment of the Loan, plus principal,

interest, attorneys' fees and costs pursuant to the Loan Documents.   Accordingly, Axos is seeking

to foreclose on the Property, which is security for the Loan. The Complaint seeks a judgment in

-1-

the full amount of the Loan (inclusive of all interest, attorneys' fees and costs) and a judgment of foreclosure to foreclose upon and sell the Property to pay off the Loan.

## PARTIES

1.     Axos is a federally chartered banking corporation organized under the laws of the United States, having its headquarters at 4350 La Jolla Village Drive, Suite 140, San Diego, California 92122 and is thereby a citizen of California.[1]

2.     Upon information and belief, the Borrower, an individual, resides at the Property and is a citizen of New York.

3.     Upon information and belief, defendant C6 Capital LLC has its principal place of business at 205 East 42nd Street, New York, New York 10017.  Upon information and belief, C6 Capital LLC includes the following members: the Borrower, Troy Caruso, Christian Arcello, Justin Cooper and David Cooper.  Upon information and belief, the Borrower is a citizen of New York. Upon information and belief, Troy Caruso, Christian Arcello, Justin Cooper and David Cooper are also each citizens of New York.  C6 Capital LLC is named to this action as it has, or may have, an interest in the Property that is subordinate and junior to Axos's interest.

4.     Upon information and belief, the Internal Revenue Service (the "IRS") has, or may have, an interest in or lien upon the Property or some part thereof by virtue of the following Notice of Federal Tax Lien prepared and filed by the IRS through its Manhattan, New York office against taxpayer Salvatore E. Ottomanelli located at 38 The Helm, East Islip, New York 11730: (1) Notice of Federal Tax Lien (Serial No.: 402680820), dated January 14, 2020, in the amount of $12,445.12, and recorded in the Suffolk County Clerk's Office, State of New York (the "Clerk's Office") on January 30, 2020 (Lien Num. LFED00032231).  The Notice of Federal Tax Lien is an interest or

---

[1] Effective October 1, 2018, BofI Federal Bank changed its name to Axos Bank.

lien in the Property that is subordinate and junior to Axos's interest. A true and correct copy of the Notice of Federal Tax Lien is attached hereto as Exhibit A. The IRS is named in this action pursuant to 28 U.S.C. § 2410.

5.     Upon information and belief, defendant TD Auto Finance, LLC merged with and into TD Bank, N.A. ("TDBNA") on December 31, 2021, with TDBNA surviving as a national banking association. TD Auto Finance, LLC is now a division of TDBNA, and TDBNA has its principal place of business at 2035 Limestone Road, Wilmington, Delaware 19808 and is thereby a citizen of Delaware. TD Auto Finance, LLC is named to this action as it has, or may have, an interest in the Property that is subordinate and junior to Axos's interest.

6.     Upon information and belief, defendant Clerk of the Suffolk County District Court has its principal place of business at Cohalan Court Complex, 400 Carleton Avenue, Central Islip, New York 11722 and is thereby a citizen of New York. The Clerk of the Suffolk County District Court is named to this action as it has, or may have, an interest in the Property by virtue of the following Judgment Orders: (1) Judgment Order (Docket No. 2004SU026402S), dated October 28, 2004, and recorded  in the Clerk's Office on December 15, 2004 (Seq No. 136); and (2) Judgment Order (Docket No. 2005SU033148S), dated May 3, 2007, and recorded in the Clerk's Office on June 8, 2007 (Seq. No. 266). The Judgment Orders are an interest or lien in the Property that are subordinate and junior to Axos's interest. True and correct copies of the Judgment Orders are attached hereto as Exhibit B.

7.     Upon information and belief, defendant Bethpage Federal Credit Union has its principal place of business at 899 South Oyster Bay Road, Bethpage, New York 11714 and is thereby a citizen of New York. Bethpage Federal Credit Union is named to this action as it has, or may have, an interest in the Property that is subordinate and junior to Axos's interest.

8.      Defendants John Doe Nos. "l through 20" inclusive, the names being fictitious as their true names are unknown to Axos, the persons intended as defendants being those who may be in possession are unknown to Axos, the persons intended as defendants being those who may be in possession of, or may have a possessory lien or other interest in, the Property are made defendants because they, or some of them, may have, or may claim to have, an interest in the Property, or part thereof, which interest, if any, is subsequent, junior and/or subordinate to the lien being foreclosed by the Property.

## JURISDICTION AND VENUE

9.      This Court has subject matter jurisdiction over the claims in this action pursuant to 28 U.S.C. § 1332 as the parties have complete diversity of citizenship and the amount in controversy far exceeds $75,000.

10.     This Court has personal jurisdiction over Defendants IRS and TD Auto Finance, LLC under New York's long-arm statute pursuant to New York Civil Practice Law and Rule ("CPLR") § 302(a)(1)-(3) because Defendants IRS and TD Auto Finance, LLC transact business within New York insofar as they both have an interest in the Property.

11.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

## FACTUAL BACKGROUND

### A.      Note and Mortgage

12.     In June of 2018, the Borrower obtained the Loan from Axos, as evidenced by that certain *Fixed/Adjustable Rate Note*, dated June 19, 2018 (the "Note") whereby the Borrower promised to pay Axos the principal amount of the Loan, plus interest.  Annexed hereto as Exhibit C is a true and correct copy of the Note.

-4-

13.     The Note provides for repayment of the Loan in accordance with the following payment schedule: monthly principal and interest payments at the rate of 5.375% made on the first day of each month beginning on August 1, 2018. *See* Note § 3(A). The Note also contains provisions allowing for changes in the Borrower's interest rate and monthly payments beginning July 1, 2025, with any and all such remaining unpaid principal and interest due on July 1, 2048. *See id.* at §§ 3(A), 4(A).

14.     The Note further provides that, in the event that full payment is not made on the date it is due, the Note will be in default, and Axos may declare the entire unpaid principal balance on the Note and all accrued unpaid interest due, and seek to recoup any and all costs, attorneys' fees and expenses incurred in enforcing the Note.  *See id.* at §§ 7(B),(C), (E).

15.     The obligations under the Note were secured by a mortgage for value received, as evidenced by that certain *Mortgage* executed on June 19, 2018, by the Borrower in favor of MERS, acting solely as nominee for Axos and Axos's successors in interest, and recorded on July 19, 2018 in the in the Clerk's Office, in Liber M00022943, Page 600 (the "Mortgage") with the necessary mortgage recording tax having been paid.  Annexed hereto as Exhibit D is a true and correct copy of the Mortgage.

16.     Pursuant to the Mortgage, the Borrower granted Axos a security interest in the Property, which is designated as collateral under the Loan Documents, and which has the following legal description:

> ALL that certain plot, piece or parcel of land situate lying and being at East Islip, Town of Islipp, County of Suffolk and State of New York designated as Lot no. 4 on a certain map entitled "Map of Harbor View at The Moorings, East Islip" filed in the Office of the Clerk of the County of Suffolk on January 11, 2001 as Map No.10557.

17.     Further, pursuant to the Mortgage, the Borrower promised to pay Axos all amounts toward principal and interest when due. *See* Mortgage § 1.  The Borrower also promised to pay all taxes, assessments, and any other charges and fines that may be imposed on the Property.  *See id.* at § 3(a). The Borrower agreed that any claim, demand or charge that is made against the Property because an obligation has not been fulfilled is known as a "lien." *See id.* The Borrower must promptly pay or satisfy a superior lien within 10 days of the giving of notice of such lien.  *See id.* at § 4.

18.     Moreover, pursuant to the Mortgage, the Borrower was obligated to obtain certain insurance covering the Property and to pay the premiums for any and all insurance.  *See id.* at § 5. The Borrower further agreed that if he failed to maintain the required insurance coverage, Axos had the option to obtain insurance coverage, and such amounts disbursed by Axos were to become additional debt secured by the Mortgage. *See id.*

19.     The Borrower agreed that if he failed to comply with any provision of the Mortgage, or if an action or proceeding is commenced that would significantly affect Axos's interests in the Property, Axos may take any action it thinks to be reasonable or appropriate to protect its interest in the Property, and that any amount that Axos spends or incurs in doing so will bear interest at the rate charged under the Loan Documents from the date incurred, or paid by Axos to the date of repayment. *See id.* at § 9.  In the event that the Borrower fails to pay the amounts that Axos spends or incurs to protect its interest in the Property, with interest, the Mortgage will secure such amounts. *See id.*

20.     The Mortgage provides that upon any failure by the Borrower to (i) make any payments when due, (ii) make any other required payment, including payments for taxes, assessments, and liens and claims against the Property, or (iii) fulfill any other promise made in

the Loan Documents, Axos may declare the entire unpaid debt to be immediately due and payable, without any further demand for payment, and Axos shall have the immediate right to bring a lawsuit for a foreclosure and sale. *See id.* at § 22.

21.     On or about December 7, 2022, MERS assigned to Axos the Mortgage, identified and evidenced by that certain *Assignment of Mortgage*, dated December 7, 2022 (the "Assignment", and together with the Note and the Mortgage, the "Loan Documents"). The Assignment was recorded on December 29, 2022 in the in the Clerk's Office, in Liber M00023470 at Page 556.  Annexed hereto as Exhibit E is a true and correct copy of the Assignment.

**B.     The Defaults**

22.     Pursuant to the Loan Documents, Axos loaned the Borrower $1,000,000.00, and the Borrower promised to, among other things, pay Axos: (i) the principal sum of the Note; (ii) interest on the unpaid principal sum of the Note; (iii) additional interest and charges (if any), at the rates and at the times and in the manner specified in the Note; and (iv) any taxes, assessments, liens or claims against the Property.

23.     The Borrower has failed to pay such amounts to Axos when due beginning on May 1, 2021, and each successive month thereafter.  Accordingly, the Borrower has defaulted under the Loan Documents by failing to timely pay Axos principal and accrued interest and other sums owing under the Loan Documents when due.

24.     Upon information and belief, the Borrower has failed to pay required insurance premiums for insurance covering the Property in violation of the Loan Documents.  Accordingly, the Borrower has defaulted under the Loan Documents by failing to timely pay insurance premiums when due.  As a result of this default, Axos has made escrow advances in the amount of $30,459.53 for force placed insurance.

**C.**      **The Home Owners Association Foreclosure Action**

25.      The Borrower failed to pay required homeowners assessments due to the Board of Directors of the Moorings of East Islip, Inc. ("Board") in the amount of $2,725.23 as of June 22, 2022.  As a result of this delinquency, the Board, acting on behalf of the homeowners, recorded a Notice of Continuing Lien for Unpaid Homeowners Assessments with the Clerk's Office on July 22, 2022 (Lien No. LMIS00020896) (the "HOA Lien").

26.      Due to the Borrower's continued failure to pay to the Board the amount due and owing as indicated in the notice pertaining to the HOA Lien, on September 8, 2022, the Board commenced a foreclosure action on the Property in Suffolk County, in a case captioned *Board of Directors of the Moorings of East Islip, Inc. v. Salvatore Ottomanelli, et al.,* Index No. 200248/2022 (the "HOA Foreclosure Action").  S*ee* HOA Foreclosure Action, Dkt. No. 1.  Annexed hereto as Exhibit F is a true and correct copy of the complaint in the HOA Foreclosure Action.

27.      To prevent the continuation of the HOA Foreclosure Action, Axos paid $20,347.63 to the Board on or about November 14, 2022.  Pursuant to the terms of the Mortgage, this amount advanced by Axos to stop the HOA Foreclosure Action is secured by the Mortgage.

28.      As a result of this amount advanced by Axos, the HOA Foreclosure Action was discontinued on December 5, 2022.

**D.**      **The Pre-Foreclosure Notice and Default Notice**

29.      On July 28, 2022, pursuant to section 1304 of the New York Real Property Actions and Proceedings Law (the "RPAPL"), Axos sent a 90-day pre-foreclosure notice to the Borrower, via Certified Mail and via First-Class Mail stating that the Loan was 453 days and $108,076.06 in default (the "Pre-Foreclosure Notice").  Annexed hereto as Exhibit G is a true and correct copy of

the Pre-Foreclosure Notice.  The Pre-Foreclosure Notice was sent to the Property address, which is also the Borrower's last known address.

30.     Also, on July 28, 2022, Axos filed certain information relating to the Loan with the New York State Department of Financial Services as required pursuant to section 1306 of the RPAPL (the "RPAPL 1306 Notice").  Annexed hereto as Exhibit H is a true and correct copy of the  RPAPL 1306 Notice.

31.     On November 2, 2022, Axos sent a notice to the Borrower stating, *inter alia*, that (i) the Loan is in default under the Loan Documents due to the failure to make payment of the full amounts due as required under the Loan Documents, (ii) as of October 27, 2022, the outstanding balance due under the Loan Documents is $1,036,504.79, inclusive of accrued interest, late charges, other charges and fees, and escrow advances for force placed insurance, (iii) the Borrower can cure the defaults by making payment in the sum of $147,875.06 within thirty (30) days from the date of the letter, and (iv) if Axos does not receive the cure amount within thirty (30) days from the date of the letter, then Axos may exercise its rights and remedies under the Loan Documents and/or applicable law (the "Default Letter"). Annexed hereto as Exhibit I is a true and correct copy of the Default Letter.  The Borrower failed to send the required payments to Axos to cure the defaults within the 30-day period following the Default Letter, and the Borrower has not subsequently made any payment to Axos.

32.     Despite the Pre-Foreclosure Notice and the Default Notice, each of which were delivered to the Property, which is, to the knowledge of Axos, the Borrower's last known address, the past due amounts, additional interest and other fees and costs remain unpaid, and the Borrower remains in default under the Loan Documents.

33.     As a result of the foregoing, and in accordance with Axos's rights under the Loan Documents, the principal sum of $924,185.58, plus accrued interest, escrow advances for force placed insurance, the payoff amount to prevent the continuation of the HOA Foreclosure Action, late charges and attorneys' fees and expenses, are due and owing on the Note.

34.     Axos shall not be deemed to have waived, altered, released or changed the election to accelerate made by virtue of the commencement of this action by reason of payment after the date of commencement of this action of any or all of the defaults mentioned herein, and such election shall continue and remain effective until the principal sum secured and the costs and disbursements of this action and any and all future defaults under the Note or Mortgage occurring prior to a discontinuance of this action are fully paid.

35.     In order to protect its security, Axos may be compelled, during the pendency of this action, to pay sums for premiums on insurance policies, real estate taxes, assessments, water charges and sewer rents which are or may become liens on the mortgages premises, and other charges which may be necessary for the protection of the mortgaged premises, and Axos prays that any sum or sums so paid, together with interest from the date of payments, shall be added to Axos's claim and be deemed secured by said Note and Mortgage and adjudged a valid lien on the mortgaged premises, and that Axos be paid such sums, together with interest thereon, out of the proceeds of the sale of the mortgaged premises.

36.     Upon information and belief, the Property may be subject to any state of facts an accurate survey may show and a physical inspection would disclose, zoning regulations or ordinances, rights of holders of security instruments in fixtures as defined by the Uniform Commercial Code, orders or requirements or violations of such orders or requirements issued by

a governmental body having jurisdiction against or affecting the Property, and existing tenancies or occupancies.

37.     Upon information and belief, the defendants have or claim to have some interest in or lien upon the Property or some part of the Property which interest or lien, if any, is subsequent, junior and subordinate to the lien of the Mortgage.

38.     Axos is the sole, true and lawful owner and holder of the Note and the Mortgage.

39.     No other actions by Axos have been brought to recover any part of the debt secured by the Mortgage.

**E.      Other Liens**

40.     C6 Capital LLC is made a defendant hereto in the original principal sum of $15,000.00, with a lien recorded in the Clerk's Office on January 12, 2021, Seq. No. 298.  C6 Capital LLC's alleged interest or lien in the Property is subordinate and junior to Axos' interest.

41.     The IRS is made a defendant hereto in the sum of $12,445.12 , with  a Notice of Federal Tax Lien filed in the Clerk's Office by the IRS through its office located in Manhattan, New York.  The nature of the lien and filing date for the federal tax lien is set forth as follows: (1) Notice of Federal Tax Lien (Serial No.: 402680820), dated January 14, 2020, in the amount of $12,445.12, and recorded in the Clerk's Office on January 30, 2020 (Lien No. LFED00032231). The IRS's alleged lien is an interest or lien in the Property that is subordinate and junior to Axos' interest. The name and address of the taxpayer whose liability created the junior federal tax lien described in paragraph 4 hereinabove is as follows:

> Salvatore E Ottomanelli
> 38 The Helm
> East Islip, New York 11730

42.     TD Auto Finance, LLC is made a defendant hereto in the original principal sum of $14,747.64, with a lien recorded in the Clerk's Office on June 2, 2014, Seq. No. 137.  TD Auto Finance, LLC's alleged interest or lien in the Property is subordinate and junior to Axos' interest.

43.     The Clerk of the Suffolk County District Court is made a defendant hereto in the original principal sum of $550.00 by virtue of the following two Judgment Orders: (1) Judgment Order (Docket No. 2004SU026402S), dated October 28, 2004, and recorded  in the Clerk's Office on December 15, 2004 (Seq No. 136); and (2) Judgment Order (Docket No. 2005SU033148S), dated May 3, 2007, and recorded in the Clerk's Office on June 8, 2007 (Seq. No. 266). The Clerk of the Suffolk County District Court's alleged interest or lien in the Property is subordinate and junior to Axos' interest.

44.     Bethpage Federal Credit Union is made a defendant hereto in the original principal sum amount of $20,658.59, with liens recorded in the Clerk's Office on (i) February 9, 2006, Seq. No. 52, and (ii) May 23, 2006, Seq. No. 647.  Bethpage Federal Credit Union's alleged interest or lien in the Property is subordinate and junior to Axos' interest.

## COUNTS

**Count I (Foreclosure of Property as to All Defendants)**

45.     Axos incorporates paragraphs 1 through 44 as though fully stated herein.

46.     The following encumbrances of record are subsequent and junior in right to the Mortgage on the Property herein being foreclosed:

   a.  C6 Capital LLC against the Borrower in the amount of $15,000.00, with a lien recorded in the Clerk's Office on January 12, 2021, Seq. No. 298.

    b.   Federal tax lien against the Borrower in the amount of $12,445.12, with a Notice of Federal Tax Lien recorded in the Clerk's Office on, January 30, 2020 (Lien No. LFED00032231).

    c.   TD Auto Finance, LLC against the Borrower in the amount of $14,747.64, with a lien recorded in the Clerk's Office on June 2, 2014, Seq. No. 137.

    d.   The Clerk of the Suffolk County District Court against the Borrower in the amount of $550.00, with Judgment Orders recorded in the Clerk's Office on (i) December 15, 2004 (Seq. No. 136), and (ii) June 8, 2007 (Seq. No. 266).

    e.   Bethpage Federal Credit Union against the Borrower in the amount of $20,658.59, with liens recorded in the Clerk's Office on (i) February 9, 2006 (Seq. No. 52), and (ii) May 23, 2006 (Seq. No. 647).

47.    The Property is a residential dwelling.  The rights of any tenants or any person claiming any right of occupancy in the Property are also subsequent in right to the Mortgage.

48.    Axos, simultaneously herewith, gives notice to the Borrower of the pendency of this action.

49.    Axos is the owner and/or holder of the Note and the Mortgage.

50.    The Borrower is in default of his obligations to Axos by reason of, *inter alia*, his failure to timely and fully pay the principal, interest, insurance premiums, and/or other sums due under the Note and the Mortgage.

51.    Axos also gives notice that it has complied with the provisions of (i) sections 1303, 1304, 1306 and 1320 of the RPAPL, (ii) sections 214-i and 306-d of the CPLR, as amended by the Consumer Credit Fairness Act, and (iii) 28 U.S.C. § 2410 since this action involves liens arising under the internal revenue laws.

52.     Upon information and belief, the Property does not constitute a "vacant and abandoned residential property" as such term is defined pursuant to section 1309 of the RPAPL.

53.     No other actions has been brought to recover any part of the debt arising out of the Loan Documents.

**Count II (Suit on Note as to Defendant Salvatore Ottomanelli)**

54.     Axos incorporates paragraphs 1 through 53 as though fully stated herein.

55.     Axos is the owner and/or holder of the Note and the Mortgage.

56.     The Borrower is in default of his obligations to Axos by reason of, *inter alia*, his failure to timely and fully pay the principal, interest, insurance premiums, and/or other sums due under the Note and the Mortgage.

57.     Axos exercised its option to declare the entire balance due on the Note.  As of January 24, 2023, the following amounts are due and owing to Axos with respect to the Note: $1,066,500.80 consisting of $924,185.58 in principal, $87,924.28 in accrued interest, $2,463.78 in late charges, $1,120.00 in other charges and fees, $20,347.63 for the payoff amount to prevent the continuation of the HOA Foreclosure Action, and $30,459.53 in escrow advances for force placed insurance. Interest continues to accrue pursuant to terms of the Note.  Further, Axos has incurred, and will continue to incur, attorneys' fees, late charges, costs and other expenses for which the Borrower is liable under the Loan Documents.

WHEREFORE, Axos demands judgment:

(a)     Adjudging the entire principal amount of $924,185.58, accrued interest, fees, late charges, escrow advances for force placed insurance, the payoff amount to prevent the continuation of the HOA Foreclosure Action, and attorneys' fees and expenses due to Axos under the Note and the Mortgage;

-14-

(b)    Barring and forever foreclosing defendants and all persons claiming by, through or under them, subsequent to the commencement of this action of all estate, right, title, lien, claim or equity of redemption in the Property or to any fixtures, fittings and appliances affixed thereto;

(c)    Selling the Property and all fixtures, fittings and appliances affixed thereto; bringing the proceeds arising from the sale into Court; and paying to Axos from such proceeds (excepting the amounts under any zoning regulations or ordinances of the County of Suffolk, New York or violations of such, rights of holders of security instruments in fixtures as defined by the Uniform Commercial Code, orders or requirements or violations of such orders or requirements issued by a governmental body having jurisdiction against the Property and existing tenancies or occupancies) the principal amount due on the Note plus accrued interest, escrow advances for force placed insurance, the payoff amount to prevent the continuation of the HOA Foreclosure Action, Axos' attorneys' fees and expenses as specified in the Loan Documents, reimbursement for all expenses incurred in obtaining such insurance costs, expenses and disbursements of this action, the expense of sale together with any sums which may have been paid or which may be paid by Axos for taxes, other insurance premiums, water charges, sewer rent and assessments and all surcharges and advances to be paid on the Property, together with interest thereon from the dates of the respective payments and advances until the date of payment;

(d)    That if the proceeds of the sale are insufficient to pay the amounts due to Axos as set forth herein, the referee conducting the sale shall be required by the judgment of the sale to specify the amount of deficiency in the report of sale so that Axos may make

-15-

the appropriate application for a deficiency judgment pursuant to Section 1371 of the

RPAPL against the Borrower; and

(e)      Awarding Axos such other and further relief as the Court deems just and

proper.

Date:   February 6, 2023
        New York, New York

Respectfully submitted,

**SHEPPARD MULLIN RICHTER &
HAMPTON LLP**

By: */s/ Michael T. Driscoll*
Michael T. Driscoll, Esq.
Damani C. Sims, Esq.
Benjamin O. Gilbert, Esq.
30 Rockefeller Plaza
New York, NY 10112
Tel:  (212) 653-8700
Fax: (212) 653-8701
E-mail: mdriscoll@sheppardmullin.com
        dsims@sheppardmullin.com
        bogilbert@sheppardmullin.com


*Counsel for Axos Bank*