UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
AXOS BANK,

                               Plaintiff,

        -against-

SALVATORE OTTOMANELLI, et al.,

                             Defendants.
----------------------------------------------------------------------X

For Online Publication Only

**ORDER**

23-cv-00941 (JMA) (JMW)

FILED
CLERK
4:04 pm, Dec 11, 2023
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**AZRACK, United States District Judge:**

Before the Court is Plaintiff Axos Bank's ("Plaintiff") motion for default judgment of foreclosure and sale ("Motion") against defendants Salvatore Ottomanelli (the "Borrower"), C6 Capital LLC, Internal Revenue Service (the "IRS"), TD Auto Finance, LLC, Clerk of the Suffolk County District Court, and Bethpage Federal Credit Union (collectively, the "Defendants"), for $1,143,261.79. Plaintiff claims that amount is subject to further accrual of interest, advances, charges, attorney's fees, and expenses that became due on the Fixed/Adjustable Rate Note ("Note") after the date of the Motion. For the reasons stated herein, Plaintiff's motion is GRANTED in part and DENIED in part.

### I. DISCUSSION

**A. Defendants Defaulted.**

On February 6, 2023, Plaintiff commenced this foreclosure action (the "Action") by filing a Summons and Complaint ("Complaint") against the Defendants. (See Compl., ECF No. 1; Driscoll Decl. at ¶ 3, ECF No. 25-2.) Defendants C6 Capital LLC, the IRS, TD Auto Finance, LLC, Clerk of the Suffolk County District Court, and Bethpage Federal Credit Union were defendants in the Action because they each have, or may have, an interest in real property located

at 38 The Helm, East Islip, New York 11730 (the "Property") that is subordinate and junior to Plaintiff's interest the Property. (See Driscoll Decl. at ¶ 4, ECF No. 25-2.)

On February 6, 2023, Plaintiff filed the notice of pendency ("Notice of Pendency") in the Action. (See ECF No. 5; Driscoll Decl. at ¶ 5, ECF No. 25-2.) The Notice of Pendency was filed with the Suffolk County Clerk's Office ("Clerk's Office") on February 15, 2023. (See Driscoll Decl. at ¶ 6, ECF No. 25-2.) Each of the Defendants was properly served with the Summons and Complaint. (See ECF Nos. 12–17); Driscoll Decl. at ¶ 7.2, ECF No. 25-2.)

None of the Defendants has answered, moved, or otherwise responded to the Complaint upon being served, and their respective deadlines to answer or otherwise move with respect to the Complaint have each expired. (See generally ECF Nos. 12–17; Driscoll Decl. at ¶ 8, ECF No. 25-2.)

On May 24, 2023, Plaintiff requested that the Clerk of this Court ("Clerk") enter defaults against each of the Defendants for failure to plead or otherwise defend this Action. (See ECF Nos. 18–23; Driscoll Decl. at ¶ 9, ECF No. 25-2.)

On May 30, 2023, the Clerk granted Plaintiff's request and certified that the Defendants—who have not responded to the motion for default judgment—defaulted by failing to answer, move, appear, or defend in this Action. (See ECF Doc. No. 24; Driscoll Decl. at ¶ 10, ECF No. 25-2.)

**B. Liability.**

The Federal Rules of Civil Procedure prescribe a two-step process for a plaintiff to obtain a default judgment. First, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." FED. R. CIV. P. 55(a). Second, after a default has been entered against the defendant, and provided the defendant failed to appear and move to set aside the default, the court may, on a plaintiff's motion, enter a default judgment. See FED. R. CIV. P. 55(b)(2).

Before imposing a default judgment, this Court must accept well-pled allegations "as true" and determine whether they establish the defendant's liability as a matter of law. Bricklayers & Allied Craftworkers Local 2 v. Moulton Masonry & Constr., LLC, 779 F.3d 182, 187 (2d Cir. 2015) (per curiam). Under New York law, "the plaintiff in an action to foreclose a mortgage [must] demonstrate: 'the existence of the mortgage and mortgage note, ownership of the mortgage, and the defendant's default in payment.'" Gustavia Home, LLC v. Bent, 321 F. Supp. 3d 409, 414 (E.D.N.Y. 2018) (quoting Campaign v. Barba, 805 N.Y.S.2d 86, 86 (2d Dep't 2005)). "Once the plaintiff submits the mortgage, the unpaid note, and evidence of the default, it has demonstrated its prima facie case of entitlement to judgment." Id. (citing Fleet Natl. Bank v. Olasov, 793 N.Y.S.2d 52, 52 (2d Dep't 2005)). The mortgage holder's entitlement to a presumptive right to collect can only be overcome by an affirmative showing from the defendant. See Windward Bora, LLC v. Brown, 2022 WL 875100, at **3–4 (E.D.N.Y. Mar. 24, 2022) (granting plaintiff-mortgagee's motion for default judgement in foreclosure action because defendant failed to appear or otherwise challenge or rebut plaintiff's prima facie case that it was entitled to a default judgment).

Here, the allegations in the Complaint are sufficient to establish Defendants' liability under New York law. First, Plaintiff has established the proof of existence of an obligation secured by a mortgage; Plaintiff annexed to the Complaint true and correct executed copies of the Assignment of Mortgage, the Note, and the Mortgage (collectively, "Loan Documents"). (See Compl., Exs. C–D, ECF No. 1-3, 1-4; see also Thompson Decl., Exs. A–B, ECF No. 25-12, 25-13.) Additionally, the Complaint, the Thompson Declaration, and the Motion all describe in detail how Plaintiff is the sole, true, and lawful owner and holder of the Note and the Mortgage. (See Compl., ¶ 38, ECF No. 1; see also Thompson Decl. ¶ 12, ECF No. 25-11.) Second, the Thompson Declaration confirms that the Borrower defaulted on his obligations under the Loan Documents

3

by failing to make required payments as they came due. (See Thompson Decl., ¶ 13, ECF No. 25-11.) Finally, Plaintiff has provided proof of notice to the Borrower of his defaults under the Loan Documents because Plaintiff annexed to the Complaint true and correct copies of the Pre-Foreclosure Notice and the Default Letter. (See Compl., Exs. G–I, ECF No. 1-7, 1-8, 1-9; see also Thompson Decl., Exs. D–F, ECF No. 25-15, 25-16.)

Accordingly, Plaintiff is entitled to a presumptive right to collect, which can only be overcome by an affirmative showing from the Borrower. Like in Windward Bora, LLC, the Borrower has failed to appear in the Action or otherwise challenge or rebut Plaintiff's prima facie case for entitlement to a judgment of foreclosure and sale. Therefore, an order granting Plaintiff a default judgment of foreclosure and sale is warranted. See Windward Bora, LLC, 2022 WL 875100, at *4.

## C. **Damages.**

"'[W]hile a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages.'" Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund, 779 F.3d at 189 (quoting Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contractors, Inc., 699 F.3d 230, 234 (2d Cir. 2012)). The Court must "conduct an inquiry to ascertain the amount of damages with reasonable certainty." Credit Lyonnais Secs. (USA), Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999) (citing Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997)). Under Federal Rule of Civil Procedure 55(b)(2), "it [is] not necessary for the District Court to hold a hearing, as long as it ensured that there was a basis for the damages specified in the default judgment." Fustok v. ContiCommodity Servs., Inc., 873 F.2d 38, 40 (2d Cir. 1989); see also Tamarin v. Adam Caterers, Inc., 13 F.3d 51, 54 (2d Cir. 1993) (stating that it is "not necessary for the district court to hold a hearing to fix damages after a default judgment

4

had been entered where the court had 'relied upon detailed affidavits and documentary evidence supplemented by the District Judge's personal knowledge of the record gained during four years involvement with the litigation . . . .'").

Here, the Court finds that Plaintiff's submissions do not establish the full damages of $1,143,261.79 to a reasonable certainty. In this mortgage foreclosure action—where none of the Defendants have either answered or disputed the amounts owed—Plaintiff submits the Thompson Declaration. The Thompson Declaration sets forth the basis for Plaintiff's request for damages. Through the Thompson Declaration, Plaintiff establishes that the principal balance owed by the Borrower is $924,185.58 pursuant to the mortgage loan ("Loan") entered by and between the Borrower and Plaintiff. (See Thompson Decl., ¶ 22, ECF no. 25-11.) The accrued interest from the date interest is owed—through July 6, 2023—is $109,386.51. (See id.) The Thompson Declaration also provides that Plaintiff has made advances for force placed insurance ($30,459.53) and has advanced a payoff to prevent the continuation of a HOA Foreclosure Action ($20,347.63).[1] (See id.) Additionally, the Thompson Declaration explains there are late charges ($2,463.78) and attorney's fees/expenses owing on the Note as of July 6, 2023 ($56,418.76). (See id.)

The Court takes issue with both the Thompson and Driscoll Declarations' discussions of attorneys' fees/expenses. In the Second Circuit, "contemporaneous time records are a prerequisite for attorney's fees." N.Y.S. Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1147 (2d Cir. 1983). The Second Circuit's opinion in Carey informed attorneys practicing in this Circuit that "[h]ereafter, any attorney–whether a private practitioner or an employee of a nonprofit law

---

[1] The Borrower failed to pay required homeowners assessments due to the Board of Directors of the Moorings of East Islip, Inc. (the "Board") in the amount of $2,725.23 as of June 22, 2022. (See Driscoll Decl. at ¶ 11, ECF No. 25-2.) As a result of this delinquency, the Board, recorded a Notice of Continuing Lien for Unpaid Homeowners Assessments with the Clerk's Office on July 22, 2022 (Lien No. LMIS00020896) (the "HOA Lien"). (See id. at ¶ 12.) On September 8, 2022, the Board commenced a foreclosure action on the Property in Suffolk County, in a case captioned Board of Directors of the Moorings of East Islip, Inc. v. Salvatore Ottomanelli, et al., Index No. 200248/2022 (the "HOA Foreclosure Action") and named Axos as a defendant in such action with a junior interest. (See id. at ¶ 13.)

office–who applies for court-ordered compensation in this Circuit for work done after the date of this opinion must document the application with contemporaneous time records. These records should specify, for each attorney, the date, the hours expended, and the nature of the work done." Id. at 1148. This is considered a "strict rule from which attorneys may deviate only in the rarest of cases." Scott v. City of New York (Scott I), 626 F.3d 130, 133 (2d Cir. 2010) (per curiam). The Second Circuit has posited rare circumstances where an award of fees might be warranted even in the total absence of contemporaneous records—such as "where the records were consumed by fire or rendered irretrievable by a computer malfunction before counsel had an opportunity to prepare his application." Id. at 134.

Here, Plaintiff had ample opportunity to provide contemporaneous time records to the Court but has failed to do so. See Nationstar Mortgage LLC v. Atanas, 285 F. Supp. 3d 618, 625 (W.D.N.Y. 2018) (declining to award attorneys' fees in a foreclosure action because the fee application lacked contemporaneous time records); OneWest Bank, N.A. v. Cole, 2015 WL 4429014, at **6–7 (E.D.N.Y. Jul. 17, 2015) (same); CIT Bank, N.A. v. Dambra, 2015 WL 7422348, at *8–9 (E.D.N.Y. Sept. 25, 2015) (same); U.S. Bank Tr., N.A. v. Dingman, No. 16-CV-1384, 2016 WL 6902480, at *6, n.16 (S.D.N.Y. Nov. 22, 2016) (same). Additionally, there is no evidence in the record to suggest that an exception would be justified.

Accordingly, the Court concludes that Plaintiff has met its burden of establishing a valid basis for its damages with a reasonable certainty in the amount of $1,086,843.03. However, the Court denies Plaintiff's request for $56,418.76 in attorneys' fees and expenses, without prejudice and with leave to renew its fee application. In connection with any post-default judgment fee application, Plaintiff shall submit contemporaneous time records with its motion papers.

**D. Interest.**

Plaintiff contends that the amount of $1,143,261.79 is subject to further accrual of interest, advances, charges, attorney's fees, and expenses that became due on the Note after the date of the Motion. (See Thompson Decl., ¶ 23, ECF No. 25-11.)

Plaintiff requests post-judgment interest at the New York statutory rate of two percent (2%) per annum. (See Driscoll Decl. at ¶ 17, ECF No. 25-2 (citing N.Y. C.P.L.R. 5004(a).) The Court denies this request. "[T]he federal post-judgment interest rate provided for in 28 U.S.C. § 1961 applies in diversity cases."[2] FCS Advisors, Inc. v. Fair Fin. Co., Inc., 605 F.3d 144, 147 (2d Cir. 2010). In diversity cases like this one, "[Section 1961's] terms do not permit of the exercise of judicial discretion in its application."[3] Carte Blanche (Singapore) Pte., Ltd. v. Carte Blanche Int'l, Ltd., 888 F.2d 260, 269 (2d Cir. 1989) (internal quotation marks omitted). And so, the Court orders that "Plaintiff be awarded post-judgment interest, calculated 'from the date the judgment in this action is entered until the date of payment, using the federal rate set forth in 28 U.S.C. § 1961,'" not the New York statutory rate of 2% per annum. Perez v. E.P.E. Enter. Corp., 2023 WL 7000934, at *8 (E.D.N.Y. Aug. 29, 2023) (quoting Ore v. H & C Cleaning Corp., 2022 WL 19520879, at *14 (E.D.N.Y. Dec. 14, 2022)).

Plaintiff's request for any advances, charges, attorney's fees, and expenses that became due on the Note after the date of the Motion are also denied, without prejudice and with leave to renew.

---

[2] "[I]nterest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding." 28 U.S.C. § 1961(a).

[3] By its plain terms, 28 U.S.C. § 1961 applies to this case. The statute's language applies to "any money judgment in a civil case recovered in a district court," 28 U.S.C. § 1961(a) (emphasis added), and "it makes no exception for judgments rendered in diversity actions or judgments subsequently registered in state court." Cappiello v. ICD Publ'ns, Inc., 720 F.3d 109, 113 (2d Cir. 2013).

7

If renewed, Plaintiff shall file evidentiary support of: the advances, charges, attorney's fees, and expenses that became due on the Note after the date of the Motion, with reference to contractual provisions and/or legal authority as applicable, and any other material justifying the calculations.

## II.  CONCLUSION

For the reasons stated above, the motion for default judgment is GRANTED IN PART and DENIED IN PART as follows.  Plaintiff's Motion is granted as to Defendants for $1,086,843.03.  Post-judgment interest is granted and shall be calculated pursuant to 28 U.S.C. § 1961.  Plaintiff's request for (i) attorneys' fees and (ii) advances, charges, attorney's fees, and expenses that became due on the Note after the date of the Motion are denied without prejudice.  Plaintiff shall file its renewed, post-judgment motion and proposed judgment consistent with this Order by **January 19, 2024**.

**SO ORDERED.**

Dated:  December 11, 2023
Central Islip, New York

                                                              /s/     JMA
                                            JOAN M. AZRACK
                                            UNITED STATES DISTRICT JUDGE